**IT IS ORDERED as set forth below:**

**Date: December 8, 2022**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re: | CASE NUMBER: |
| **BARBARA HARRIS RAMSEY**, | **18-53964-SMS** |
| Debtor. | CHAPTER 7 |
| **HAYAT MONGODIN**, | |
| Plaintiff, | ADVERSARY PROCEEDING NUMBER |
| v. | **21-5151-SMS** |
| **BARBARA HARRIS RAMSEY**, | |
| Defendant. | |

## CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the Court.

2.

All discovery has been completed and the court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

The names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

There is no question as to the jurisdiction of the court.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:    Gregory M. Taube
              Nelson Mullins Riley & Scarborough LLP
              201 17th Street, NW, Suite 1700
              Atlanta, Georgia 30363
              (404) 322-6000

Defendant:  Howard Slomka, PC
            6400 Powers Ferry Road, NW
            Suite 391
            Atlanta, GA. 30339
            HS@ Atl.Law

6.

There is no pending related litigation.

7.

Attached hereto as Attachment "A" is plaintiff's outline of the case which includes a succinct factual summary of plaintiffs cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.

8.

Attached hereto as Attachment "B" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.

9.

Attached hereto as Attachment "C" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

10.

The legal issues to be tried are as follows:

*Whether the debt owed to Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(6).*

11.

The parties will exchange witness lists on or before December 30, 2022. All of the other parties may rely upon a representation by a designated party that a witness will be present. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

12.

The parties will exchange exhibit lists on or before December 30, 2022.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists with "Plaintiff's Exhibit 1" or "Defendant's Exhibit 1," for example.

On or before January 5, 2023, a party shall raise specific objections to another party's exhibits by filing and serving a list of objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Copies rather than originals of documentary evidence may be used at trial. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

4894-7273-1202 v.1 GMT

13.

No later than January 5, 2023, the parties shall submit any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

14.

The plaintiff estimates that it will require no more than 1 day to present its evidence.  The defendant estimates that it will require no more than 1 day to present its evidence.  It is estimated that the total trial time is 1 day.

15.

A pretrial conference has been scheduled for December 14, 2022.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

Respectfully submitted this 7th day of December, 2022.


/s/ Gregory M. Taube _____

Gregory M. Taube

Georgia Bar No. 699166

Mark D. Gensburg

Georgia Bar No. 213119


NELSON MULLINS RILEY &

SCARBOROUGH LLP

201 17th Street, N.W., Suite 1700

Atlanta, GA 30363

(404) 322-6000 (Phone)

(404) 322-6050 (Fax)

greg.taube@nelsonmullins.com


*Attorneys for Plaintiff*

/s/ Gregory C. Okwuosah _____

HOWARD SLOMKA

Georgia Bar No. 652875


Howard Slomka, PC

6400 Powers Ferry Road, NW

Suite 391

Atlanta, GA. 30339

HS@ Atl.Law


*Attorney for Defendant*

## **ATTACHMENT A**

Plaintiff holds a judgment in favor of Plaintiff and against Debtor entered on February 22, 2017, in a lawsuit filed in the Magistrate Court of DeKalb County, Georgia, Case No. 15M59618 in the amount of $9,034.00, plus interest at the rate of 12 percent (12%) per annum (the "Judgment").

The Judgment arose from a landlord and tenant relationship between Plaintiff and Debtor wherein Plaintiff was the landlord and Debtor was the tenant. Debtor breached the lease by failing to pay rent and willfully and maliciously caused damages to the leased premises when Plaintiff enforced her rights arising from Debtor's failure to pay rent. Photographs of some of the damages are attached to Plaintiff's Complaint as Exhibit "A." Debtor damaged the walls, carpets, appliances, and bathroom fixtures, among other things.

Pursuant to 11 U.SC. § 523(a)(6), a debt is excepted from discharge if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity…." Because Debtor acted willfully and maliciously in causing the damages described above, the debt owed to Plaintiff is excepted from discharge under 11 U.S.C. § 523(a)(6).

4894-7273-1202 v.1 GMT

# **ATTACHMENT B**

Defendant acknowledges the debt owed to her prior landlord for unpaid rent.

Defendant denies any willful or malicious acts, or taking any action to intentionally damage or harm Plaintiff's property.

Defendant argues that the debt to landlord, under the lease, is a dischargeable debt, not subject to any exception to discharge.

# **ATTACHMENT C**

NONE

DISTRIBUTION LIST

Hayat Mongodin
1311 Fenway Cir
Decatur, GA 30030

Gregory M. Taube
Nelson Mullins Riley & Scarborough, LLP
Suite 1700
201 17th Street, NW
Atlanta, GA 30363

Barbara Harris Ramsey
481 Astoria Way
McDonough, GA 30253

Howard P. Slomka
Slipakoff & Slomka, PC
6400 Powers Ferry Road
Suite 200
30339
Atlanta, GA 30339